UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:                                   :
                                         :
CARLEEN N. DICKERSON,                    :        Case No. 19-1-5998-LS
                                         :        Chapter 13
            Debtor.                      :
                                         :

**TRUSTEE'S OBJECTION TO DEBTOR'S
CHAPTER 13 PLAN DATED MAY 29, 2019**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan dated May 29, 2019 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtor commenced this case under Chapter 13 on May 2, 2019. The Plan proposes to pay $900.00 monthly for 60 months for a gross funding of $54,000.00.

2. The Plan fails to provide that all of the Debtor's projected disposable income reflected on Schedule J will be applied to make payments to unsecured creditors under the Plan.

3. The Debtor's Form 122C reflects that the Debtor has excess monthly income of $7,992.25. The Plan fails to provide that all of the Debtor's projected disposable income will be applied to make payments to unsecured creditors under the Plan. The Plan does not satisfy the requirements of section 1325(b)(1)(B) of the Bankruptcy Code.

4. The Debtor has failed to provide the Domestic Support Obligation Affidavit and proof of adjusted income tax withholdings as requested by the Trustee. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

- 2 -

     5.     It appears that the Plan must provide a 100% payment to unsecured creditors. The Plan proposes funding sufficient to provide a distribution of approximately 38% to unsecured creditors. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

     6.     The Debtor has not adequately proved ownership and the market value of scheduled real property. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

     7.     Accordingly, the Plan should not be confirmed

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED <u>AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING</u>*. AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

                                          Respectfully submitted,

June 25, 2019                                 /s/ Timothy P. Branigan
                                                  Timothy P. Branigan (Fed. Bar No. 06295)
                                                  Chapter 13 Trustee
                                                  9891 Broken Land Parkway, #301
                                                  Columbia, Maryland 21046
                                                  (410) 290-9120

- 3 -

## Certificate of Service

      I hereby certify that the following persons are to be served electronically via the CM/ECF system:

Richard B. Rosenblatt, Esquire

I caused a copy of the pleading above to be sent on June 25, 2019 by first-class U.S. mail, postage prepaid to:

Carleen N. Dickerson
16326 Elkhorn Lane
Bowie, MD 20716

                                        /s/ Timothy P. Branigan
                                        Timothy P. Branigan (Fed. Bar No. 06295)